IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA C. ALFARO,

        Plaintiff,                    No. 2:12-cv-02014 DAD PS

    vs.

SOCIAL SECURITY
ADMINISTRATION,                 ORDER AND
                                          FINDINGS AND RECOMMENDATIONS

        Defendant.
_____/

        Plaintiff, Mika Alfaro, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application, however, states that plaintiff currently receives $5,400 a month in take-home pay and has $250,000 in cash or in a checking or savings account. (Doc. No. 2 at 1-2.) Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The amount of plaintiff's income shows that plaintiff is able to pay the filing

1

fee and costs. Thus, plaintiff has made an inadequate showing of indigency. See <u>Olivares v. Marshall</u>, 59 F.3d 109, 111 (9th Cir. 1995) ("Requiring the payment of fees according to a plaintiff's ability to pay serves the dual aims of defraying some of the judicial costs of litigation and screening out frivolous claims.").

Ordinarily, the undersigned would recommend that plaintiff's in forma pauperis application be denied and that plaintiff be granted an opportunity to pay the filing fee in full before proceeding. However, as in at least fourteen other cases filed by plaintiff in this court since February 10, 2006, no basis for federal jurisdiction has been alleged in plaintiff's complaint.[1] In the present action, the named defendant is the "Social Security Administration." (Compl. (Doc. No. 1) at 2.) Plaintiff in his complaint alleges that "the person at the Social Security Administration Office" is "harassing [plaintiff] again," that this person "has a very bad odor coming from he's (sic) ear and likes to stay near [plaintiff] after work." (<u>Id.</u> at 3.) Plaintiff alleges that this same man is a trying to steal plaintiff's Social Security Disability money and plaintiff does not "want to hold on to he's (sic) bad ear." (<u>Id.</u>)

Plaintiff's complaint contains no allegations that state any cognizable federal claim nor does it contain a short and plain statement of the grounds upon which the court's jurisdiction depends. It therefore appears that this court lacks subject matter jurisdiction over the action. See <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to

---

[1] The following cases brought by plaintiff in this court have been dismissed for lack of subject matter jurisdiction: <u>Alfaro v. Social Security Administration</u>, Case No. 2:06-cv-0294 MCE DAD PS, closed Feb. 20, 2007; <u>Alfaro v. City of Sacramento</u>, Case No. 2:06-cv-1355 FCD GGH PS, closed Sept. 6, 2006; <u>Alfaro v. Alcohol and Drug Administration</u>, Case No. 2:06-cv-1370 GEB GGH PS, closed Oct. 3, 2006; <u>Alfaro v. Barnicoat</u>, Case No. 2:06-cv-1614 MCE DAD PS; <u>Alfaro v. Miranda</u>, case No. 2:06-cv-1687 LKK EFB PS, closed Oct. 10, 2006; <u>Alfaro v. Rameriz</u>, Case No. 2:06-cv-1689 DFL EFB PS, closed Dec. 21, 2006; <u>Alfaro v. Burney</u>, Case No. 2:06-cv-01783 DFL EFB PS, closed Dec. 21, 2006; <u>Alfaro v. Bank of America</u>, Case No. 2:06-cv-1808 DFL GGH PS, closed Dec. 21, 2006; <u>Alfaro v. US Bank</u>, Case No. 2:06-cv-1809 GEB EFB PS, closed Dec. 5, 2006; <u>Alfaro v. Alfaro</u>, Case No. 2:06-cv-2460 LKK GGH PS, closed Jan. 26, 2007; <u>Alfaro v. Citi Bank</u>, Case No. 2:07-cv-0363 GEB DAD PS, closed May 25, 2007; <u>Alfaro v. TKA Properties</u>, Case No. 2:07-cv-2115 FCD DAD PS, closed Dec. 5, 2007; <u>Alfaro v. Vagabond Inn</u>, Case No. 2:07-cv-2440 MCE DAD PS, closed Dec. 14, 2007; <u>Alfaro v. UPS Store</u>, Case No. 2:08-cv-2125 MCE DAD PS, closed Nov. 14, 2008.

dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); see also Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

Based on plaintiff's history of filing obviously frivolous actions, the undersigned finds that it would be futile to grant plaintiff leave to amend, even if she were to pay the required filing fee. Plaintiff's in forma pauperis application should be denied and this action should be dismissed with prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall designate this matter as a pro se action; and

2. That a District Judge be randomly assigned to this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's August 1, 2012, application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

/////

/////

3

objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\alfaro2014.ifpden.f&rs

4